NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA CAROLINA ESTRADA-
CARRETO; J.O.F.E.; N.A.B.E.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4343

Agency Nos.
A206-141-455
A206-141-454
A206-141-456

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 18, 2025[**]
Portland, Oregon

Before: CALLAHAN and MENDOZA, Circuit Judges, and SNOW, District
Judge.[***]

Petitioners Maria Carolina Estrada-Carreto and two of her children (J.O.F.E.

and N.A.B.E.), who are natives and citizens of Guatemala, petition for review of a

Board of Immigration Appeals ("BIA") order dismissing their appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable G. Murray Snow, United States District Judge for the District of Arizona, sitting by designation.

Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners' applications were primarily based on abusive conduct by J.O.F.E.'s father and extortion by an unknown caller who threatened to kidnap one of Estrada's children if she did not pay a sum of money. We have jurisdiction under 8 U.S.C. § 1252. "Because the BIA agreed with the IJ's reasoning and added some of its own, we review the BIA's decision and those parts of the IJ's decision upon which it relied." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (citation omitted). We review legal conclusions de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We deny the petition.

1.      Petitioners claim that the IJ violated their due process rights by abdicating her role as a neutral arbiter by subjecting Estrada to "an aggressive cross-examination" and by "disregard[ing]" a report concerning Estrada's mental health.

"Although an IJ may 'aggressively and sometimes harshly' question a witness, he or she may not become a 'partisan adjudicator seeking to intimidate' the petitioner rather than 'a neutral fact-finder interested in hearing the petitioner's evidence.'" *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) (citations omitted).

Here, Petitioners have not shown that the IJ's questioning was improper. On

direct examination, Estrada admitted that she had falsely testified that her current partner (N.A.B.E.'s father) was living in Guatemala, when he was in fact living in the United States. Further, there were inconsistencies between documents that Estrada had submitted and her testimony, as well as within her testimony. These inconsistencies included when J.O.F.E.'s father began mistreating her, when J.O.F.E.'s father hit her, the frequency of domestic violence by J.O.F.E.'s father, and when Estrada's family members had last seen J.O.F.E.'s father. The IJ was responsible for assessing Estrada's credibility and, before making any adverse credibility finding, the IJ was required to give Estrada an opportunity to explain these inconsistencies. *See Solo-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009). Given these circumstances, the IJ's "active[] questioning" of Estrada "[does] not show a 'predisposition to discredit'" Estrada's testimony in a manner "that would cause us to question the IJ's impartiality." *Yan Liu v. Holder*, 640 F.3d 918, 931 (9th Cir. 2011) (citation omitted); *see also Antonio-Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir. 1998) (rejecting claim that an IJ violated due process by conducting "the lion's share of cross-examination" in a "harsh manner and tone").

Petitioners also have not shown that the IJ acted improperly by not assigning "full weight" to a report by Angela Newburg, MA, LPC, that opined that Estrada has major depressive disorder and post-traumatic stress disorder. The IJ reasonably assigned little weight to the report given that the report does not

24-4343

reference any abuse by J.O.F.E.'s father and given the IJ's finding that the report was likely obtained solely for litigation purposes.[1]

2. The IJ and the BIA (collectively, the "Agency") denied Petitioners' applications for asylum and withholding of removal on the alternative grounds that Estrada was not credible and that, even assuming Estrada was credible, Petitioners' applications failed on the merits. Because we reject Petitioners' due process challenge to the adverse credibility finding, and because Petitioners do not dispute that the adverse credibility finding was otherwise a sufficient basis to deny their applications for asylum or withholding of removal, we need not address Petitioners' arguments that the Agency erred in alternatively denying their applications on the merits.

3. With respect to CAT protection, Petitioners challenge the Agency's finding that they failed to establish a likelihood of future torture. The Agency did not err. Petitioners do not dispute that they failed to establish past torture. Nor have J.O.F.E.'s father or the unknown extortionist bothered Estrada or her family since 2014 or 2015. The facts of this case therefore do not compel a finding of a likelihood of future torture. *See generally Dawson v. Garland*, 998 F.3d 876, 882-

---

[1] To the extent Petitioners claim that the IJ erred in failing to address whether Estrada's mental health conditions contributed to the inconsistencies in her testimony, Petitioners failed to exhaust that claim, as the Government argues. We therefore may not consider it. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

84 (9th Cir. 2021) (upholding a finding of no-likelihood-of-future torture where the petitioner had previously suffered severe physical and verbal abuse by her ex-partner but there was evidence that conditions had improved after she had stopped living with her ex-partner and before she had left her home country); *Duran-Rodriguez*, 918 F.3d at 1029-30 (upholding a finding of no-likelihood-of-future torture where the petitioner had previously received death threats but there was "no evidence or claim that anyone ha[d] sought him or ha[d] any continuing interest in him" in the years "since he [had] departed" his hometown).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 13.